United States District Court
Southern District of Texas
**ENTERED**
January 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JARICK   PINK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-01993 |
| | § | |
| THE WILLIAMS COMPANIES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

## I.      INTRODUCTION

Pending before the Court is the defendant's, the Williams Companies, Inc. ("TWC") motion for summary judgment (Dkt. No. 22), the plaintiff's, Jarick Pink ("Pink") response in opposition (Dkt. No. 24), and TWC's reply (Dkt. No. 25).   After carefully considering TWC's motion, Pink's response and TWC's reply, the Court concludes that the motion should be GRANTED.

## II.      FACTUAL BACKGROUND

In 2010, Pink, an African American, began working for TWC and was later issued a company credit card.   Starting in February 2017, Ryan Mulvania became Pink's direct supervisor.   As early as June 2017, Mulvania notified Pink that he was required to utilize a specific reservations booking system to procure accommodations for work related travel and to submit his expense report within forty-five days after the expenses were incurred.   Later that September, Pink received training regarding the process for submitting expense reports. On October 10, 2017, Mulvania rejected one of Pink's expense reports because it did not

include actual copies of receipts for his accommodations.  Pink contacted TWC's Human Resources office (HR) regarding the rejected expense report.  Mulvania responded to HR informing that the reports were unsupported by original receipts and submitted outside of the submission period.  After receiving this information an investigation ensured.  Based on the findings, Pink was given a written warning on November 3, 2017.  In response, Pink acknowledged that he had not complied with the policies and agreed to act accordingly.  In December, Pink's year-end review by Mulvania included the comment that Pink was, "trying to impress management [with his attire]."  Pink, believing that the comment was racially charged reported Mulvania's comment to HR.

In March of 2018, Mulvania notified HR of his concerns regarding another expense report submitted by Pink and an investigation ensued.  As a result of the investigation, several violations of TWC polices and the written directives from the 2017 write-up were discovered.  On May 7, 2018, Pink's employment was terminated.  In response, Pink brings claims against TWC for racial discrimination and retaliation in violation of Title VII.  TWC moves for summary judgment on both causes of action.

## III.    APPLICABLE LAW

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the

absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed. 2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material

fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

## IV.    PARTIES CONTENTIONS

### a.    *TWC's Contentions*

TWC argues that it is entitled to summary judgment because Pink is unable to prove that a comment made during his year-end review and subsequent termination are the result of racial discrimination.   It further asserts that Pink cannot establish a *prima facie* case for discrimination based on the facts of this case.   Specifically, TWC asserts that, as a matter law, Pink's end-of-year review is a spurious claim because it was not an adverse employment action as required by Title VII.   Moreover, it also contends, no similarly-situated employee outside of Pink's protected class was treated differently.   Therefore, he cannot present a legally significant comparator as evidence of bias.   Nevertheless, TWC argues that, even if

Pink were able to prove his *prima facie* case, his claims fail because he was terminated for a legitimate, non-discriminatory reason—violating TWC's expense report policies.  Regarding his retaliation claim, TWC contends that Pink cannot raise a material fact issue that "but-for" discriminatory animus he would not have been terminated.  It maintains that the basis for its decision was his multiple violations of TWC travel and business expense reporting policies.

### b.  Pink's Contentions

Pink argues that TWC's motion for summary judgment should be denied because a genuine issue of material fact exists as to whether he was terminated because of his race.  He is African American.  Pink contends that he has identified non-African American co-workers that failed to follow TWC policies but were not disciplined in same manner as he.  He further contends that since he can establish a *prima facie* case for discrimination, the burden shifts to TWC to articulate a non-discriminatory reason for his termination.  He maintains that enforcement of an arbitrary and contradictory travel policy demonstrates pretext for his termination.  Finally, Pink argues, evidence in the record demonstrates that TWC retaliated against him.  He relies on the fact that Mulvania was aware of his internal complaint before the termination.

## V.   ANALYSIS AND DISCUSSION

### a.  Pink's Race Discrimination Claim

The Fifth Circuit holds that in cases where no direct evidence of discriminatory intent has been produced, proof by means of circumstantial evidence must be evaluated using the burden shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 s. Ct. 1817, 36 L.Ed 668 (1973). But first, the plaintiff must establish a *prima facie* case that a violation has occurred.  A plaintiff must show that: (1) he is a member of a protected

class, (2) he is qualified for the position, (3) he suffered an adverse employment action, and (4) others outside the class who are similarly situated, were treated more favorably. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000).

Once an employee makes this showing, the burden of production shifts to the employer to articulate a legitimate non-discriminatory reason for the adverse employment action. *Id*. at 142-143. "If the employer meets its burden, the *prima facie* case is dissolved, and the burden shifts back to the plaintiff to establish that the reason proffered by the employer is merely a pretext for discrimination." *Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 534 (S.D. Tex. 1999). "Although intermediate evidentiary burdens shift back and forth under the *McDonnell Douglas* framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves*, 530 U.S. at 133, 143, 120.

In this case, it is undisputed that Pink has satisfied the first two elements of his *prima facie* discrimination claim.  He is a member of a protected class – African American and was qualified for the position he held.  As for the third element, Pink's allegation, that Mulvania made a racially insensitive statement during his end-of-year review about Pink's attire, does not establish racial discrimination.

Claims for racial discrimination, arising from this type of interaction, fail to satisfy the *prima facie* test because no adverse employment action occurred.  Historically, such remarks are cognizable only when an "[a]dverse employment actions [follows that] include [for example] an ultimate employment decision such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551 (2007).  An end-

of-year review is not an adverse employment and does not establish discrimination.  Hence, Pink does not establish a *prima facie* case of termination based on race.

Even assuming that he established a *prima facie* case arising from his termination, his suit fails because TWC has set forth a legitimate, non-discriminatory reason for its actions. The employer's burden is only one of production, not persuasion, and involves no credibility assessment.  *McCoy*, 492 F.3d at 557.  If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but a pretext for the real discriminatory or retaliatory purpose.  *Id*.  Pink's termination was based his repeated violations of TWC's travel and business reporting policies even after being warned.  He has not presented any evidence that refutes this basis.  He simply argues that others have, likewise, violated the policy.  Based on the record however, the Court is of the opinion that Pink has failed to raise a material fact issue that TWC's stated reason for his termination was pretextual.  Therefore, his claim fails and summary judgment is appropriate.

### b.    *Pink's Retaliation Claim*

Pink's retaliation claim is equally flawed.  He must establish that a causal connection exists between the protected activity, i.e., reporting to HR and the adverse action. *Gorman v. Verizon Wireless Texas*, L.L.C. 753 F.3d 165, 170 (2014).   The stated basis for Pink's termination was his repeated violations of the expense reporting policy.  The record shows that his errors were brought to his attention, that he was coached in the proper procedures for correctly and timely filing his expense reports, and that he continued to improperly and untimely file his reports.  A termination based on Pink's inability or unwillingness to address management's concerns regarding his repeated violations of TWC's travel and business expense reporting policies does not constitute retaliation.

## V.      CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary

judgment is hereby **GRANTED**.

It is so **ORDERED**.

SIGNED on this 4th day of January, 2021.

_____
Kenneth M. Hoyt
United States District Judge